UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE:

DOUGLAS K. SMITH, MD,                            Bankruptcy Case No. 21-50519-RBK

    *Debtor*.

_____

DOUGLAS K. SMITH, MD,

    *Appellant*,

v.                                               Case No. SA-21-CV-0528-JKP

ERIC B. TERRY, Chapter 7 Trustee,                        (Appeal from Order in
Salubrio LLC.,                           Bankruptcy Case No. 21-50519-RBK)

    *Appellee*.

## MEMORANDUM OPINION AND ORDER

Before the Court is an appeal from an order in Bankruptcy Case No. 21-bk-50519-RBK.

Pursuant to 28 U.S.C. § 158(a), Appellant Douglas K. Smith, MD, ("Dr. Smith" or "Appellant")

appeals an order of the Bankruptcy Court issued on May 25, 2021, after a hearing. Appellant pro-

ceeds pro se in this appeal. In the appealed order, the Bankruptcy Court confirmed that the automatic

stay does not apply to an order issued in Bankruptcy Case No. 20-bk-50578-RBK authorizing the

Chapter 7 Trustee for the Debtor in that case, Salubrio, LLC, to abandon the estate's interest in

physical and locally stored electronic records. For ease of reference, the Court will identify these

interrelated orders as "the Confirmation Order" and "the Abandonment Order." Eric B. Terry is the

Chapter 7 Trustee and the Appellee in this appeal.

On June 23, 2021, the Bankruptcy Court certified that Appellant's designation of the record

on appeal ("ROA") is complete and transmitted designated items. *See* ECF No. 2. That same date,

the Bankruptcy Court certified that Appellee's designation of additional items to include in the ROA

is complete and transmitted those designated items. *See* ECF No. 3. Appellant filed his appellate

brief on June 29, 2021. *See* ECF No. 5. A month later, Appellee filed his brief (ECF No. 6). Appellant thereafter filed an amended brief (ECF No. 7) on September 8, 2021; a reply brief (ECF No. 10) on February 16, 2022; and a Sworn Affidavit (ECF No. 14), on April 22, 2022. The appeal is ready for ruling.

Having considered the issues raised in this appeal to the extent necessary, the arguments of the parties, the relevant portions of the record, and the applicable principles of law, the Court finds no need for oral argument and, for the reasons that follow, it dismisses this appeal for Appellant's lack of bankruptcy standing.

## I. BACKGROUND

In a contemporaneous Memorandum Opinion and Order in *Smith v. Terry (In re Salubrio, LLC)*, No. SA-21-CV-0476-JKP, the Court has addressed a bankruptcy appeal regarding the Abandonment Order. Because the Abandonment Order is directly related to this bankruptcy appeal regarding the Confirmation Order, the records on appeal for both cases will be cited. This bankruptcy appeal concerns the Confirmation Order issued in the underlying bankruptcy case addressing whether the automatic stay applies to the Abandonment Order issued in Bankruptcy Case No. 20-bk-50578-RBK involving Salubrio, a single member limited liability company owned by Dr. Smith which is located on Basse Road in San Antonio, Texas. *See* 476 R.[1] at 68. This Court has set out the relevant background for the other case, Case No. 20-bk-50578-RBK, in the contemporaneous Memorandum Opinion and Order issued in the other appeal. There is no need to restate it in full here, but additional relevant background follows.

---

[1] The Court uses "476 R." to refer to the initial bankruptcy record on appeal, which is found at ECF No. 2-2, in Case No. 21-CV-00476-JKP. It will refer to the supplemental record on appeal, found at ECF No. 5-2 in that case, as "476 Supp. R." and a submitted hearing transcript, found at ECF No. 5-3, as "476 Tr."

For the record on appeal in this case, it will use "50578 R.," 50519 R.," and "Supp. R." to refer to the record on appeal found respectively at ECF Nos. 2-2 (designated documents from 20-bk-50578), 2-3 (designated documents from 21-bk-50519), and 3-2 (designated documents of Appellee).

In a nutshell, on April 29, 2021, the Bankruptcy Court held a hearing on a motion to abandon; 476 Tr. at 3-59; the next day, Dr. Smith filed his personal, individual bankruptcy commencing the underlying bankruptcy case relevant to this appeal; on May 6 and 12, 2021, Dr. Smith emailed counsel for Trustee contending that complying with the Abandonment Order would violate the automatic stay in his personal bankruptcy, *see* Supp. R. at 7-8; and those emails prompted Trustee to move for confirmation that the automatic stay does not apply to the order to abandon, *see* 50519 R. at 3-9 (entirety of motion). Dr. Smith filed an objection to motion to confirm. *See id*. at 20-31. The Bankruptcy Court thereafter held a hearing on the motion to confirm, *see* Tr. Mot. H'rg of May 24, 2021, (ECF No. 2-4) (hereinafter "Tr."), and issued an order in the Trustee's favor, *see* 50519 R. at 32-34. Notably, the Trustee for Dr. Smith's personal bankruptcy stated on the record that he has no opposition to the confirmation motion. *See* Tr. 15-16. This appeal followed.

In the contemporaneous Memorandum Opinion and Order in Case No. SA-21-CV-0476-JKP, the Court included sections on "Jurisdiction and Standard of Review" and "Compliance with Briefing Requirements." But the sections essentially became immaterial when the Court found that Dr. Smith lacked standing to pursue the bankruptcy appeal. Because he also lacks standing to appeal in this case, the Court will not restate similar sections here that would be essentially rendered immaterial by the lack of standing.

## II. STANDING

Appellee argues that Dr. Smith lacks standing to pursue this appeal. ECF No. 6 at 18-22. Notably, Dr. Smith does not meet the definition of a creditor as defined in the bankruptcy code. *See* 11 U.S.C. § 101(10). This is true for his personal bankruptcy as well as Salubrio's bankruptcy.

Absent standing by the bankruptcy appellant, courts do not reach the merits of a bankruptcy appeal. *Fortune Nat. Res. Corp. v. U.S. Dep't of Interior*, 806 F.3d 363, 367 (5th Cir. 2015). Standing in the bankruptcy context differs from the traditional Article III context. *See Furlough v. Cage (In*

*re Technicool Sys., Inc.)*, 896 F.3d 382, 385 (5th Cir. 2018). "But that does not mean disgruntled litigants may appeal every bankruptcy court order willy-nilly. Quite the contrary." *Id*. Consequently, "standing to appeal a bankruptcy court order is, of necessity, quite limited" given the involvement of "numerous parties with conflicting and overlapping interests." *Id*. To permit "each and every party to appeal each and every order would clog up the system and bog down the courts." *Id*.

In the Fifth Circuit, courts apply a "narrow inquiry for bankruptcy standing – known as the 'person aggrieved test.'" *Id*. This test is a prudential standing requirement applicable in the bankruptcy context, *Dean v. Seidel, (In re Dean)*, 18 F.4th 842, 844 (5th Cir. 2021); *Gibbs & Bruns LLP v. Coho Energy Inc. (In re Coho Energy Inc.)*, 395 F.3d 198, 202 (5th Cir. 2004), and "is more exacting than the test for Article III standing," *In re Technicool Sys., Inc.*, 896 F.3d at 385 (citations and internal quotations omitted). Instead of showing a "fairly traceable causal connection, a bankruptcy appellant must instead show that he was directly and adversely affected pecuniarily by the order of the bankruptcy court." *Id*. (footnotes, internal quotation marks, and citations omitted). With its "higher causal nexus between act and injury," the bankruptcy standing "restriction narrows the playing field, ensuring that only those with a direct, financial stake in a given order can appeal it." *Id*. (footnote and citation omitted).

To have standing, all bankruptcy appellants, with one exception, must have a pecuniary interest affected by the matter appealed. *Edwards Family P'shp, LP v. Johnson (In re Cmty. Home Fin. Servs., Inc.)*, 990 F.3d 422, 426 (5th Cir. 2021). The lone exception is the bankruptcy trustee – the person entrusted with the responsibility to administer the bankruptcy estate. *Id*. The "trustee's standing comes from the trustee's duties to administer the bankruptcy estate, not from any pecuniary interest in the bankruptcy." *Id*. at 427.

For Article III standing, "a party generally may not appeal . . . to champion the rights of another, and even '[a]n indirect financial stake in another party's claims is insufficient to create

standing on appeal.'" *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation*, 32 F.3d 205, 208 (5th Cir. 1994) (footnotes and citations omitted). In that context, furthermore, "[t]he injury or threat of injury must be both real and immediate not conjectural or hypothetical, and the putative appellant shoulders the burden of alleging facts sufficient to demonstrate that it is a proper party to appeal." *Id.* (footnotes, citations, and internal quotation marks omitted). Given the prudential standing concerns mentioned in the preceding paragraphs, courts may apply these Article III standing requirements in the bankruptcy context. *See Schum v. Zwirn Special Opportunities Fund LP (In re The Watch Ltd.)*, 257 F. App'x 748, 749 (5th Cir. 2007) (per curiam) (applying such requirements and quoting *Rohm* in dicta).

As stated in an historical context, the prudential standing concept includes "at least three broad principles: the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014) (internal quotation marks and citation omitted). Although in *Lexmark*, the Supreme Court criticized the prudential standing label especially in the zone-of-interest context, *see id.* at 125-27, the Fifth Circuit continues to apply the doctrine in other contexts, *see Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 506 (5th Cir. 2015) (noting that the Fifth Circuit has "long applied the prudential requirement that a party must assert its own rights and we are bound to follow our precedent until the Supreme Court squarely holds to the contrary") (internal citation omitted). The prudential standing doctrine remains "especially important in bankruptcy proceedings which often involve numerous parties who may seek to assert the rights of third parties for their own benefit." *Marable v. Sam Pack's For Country of Lewisville, Ltd.* (*In re Emergency Room Mobile Servs., LLC*), 529 B.R. 676, 685 (N.D. Tex. 2015) (quoting *In re Ampal–Am. Israel Corp.*, 502 B.R.

361, 369 (Bankr. S.D.N.Y. 2013)).

In this appeal, Dr. Smith has simply not shown that he was directly and adversely affected pecuniarily by the appealed order. His initial brief does not make such a showing. And after the Trustee raised the standing issue, Dr. Smith proclaims in his reply brief that he has standing as the Subchapter V Debtor-in-Possession ("SCVDIP") in the underlying bankruptcy case. ECF No. 10 at 4. While confident that his role as SCVDIP provides him standing to appeal the bankruptcy order at issue in this appeal, he overlooks flaws in his proclamation.

First, Dr. Smith asserts that "Congress granted a SCVDIP equivalent authority to a Chapter 11 Trustee in the Small Business Reorganization Act ('SBRA') including authority to protect and recover property of the bankruptcy estate and including standing to appeal Orders affecting the bankruptcy estate as matter of law." *See id*. Despite such assertion, he provides no specific provision of the SBRA that provides him standing.

The appellate record, furthermore, shows that Dr. Smith was a debtor-in-possession for no more than a few days. After Dr. Smith filed his personal bankruptcy on April 30, 2021, the Bankruptcy Court appointed a Trustee for the case. *See* ECF No. 2-5 at 2 (D.E. 12). He was not the debtor-in-possession when Appellee filed the motion to confirm on May 14, 2021, when the Bankruptcy Court held a hearing on that motion on May 24, 2021, or when he filed the instant bankruptcy appeal on June 3, 2021. Although a "debtor-in-possession in chapter 11 assumes the substantial duties and responsibilities of a trustee" through 11 U.S.C. § 1107, the bankruptcy court may remove those rights and duties by replacing the debtor with a trustee through § 1104(a). *In re Herberman*, 122 B.R. 273, 280-81 (Bankr. W.D. Tex. 1990). In cases arising under Chapter 11, "it is the debtor-in-possession who assumes [a fiduciary] obligation (unless a trustee is appointed under Section 1104)." *Id*. at 280.

In bankruptcy cases with an appointed trustee, "the debtor-out-of-possession typically has

no concrete interest in how the bankruptcy court divides up the estate." *Dean v. Seidel, (In re Dean)*, 18 F.4th 842, 844 (5th Cir. 2021) (quoting *Mandel v. Mastrogiovanni Schorsch & Mersky (In re Mandel)*, 641 F. App'x 400, 402-03 (5th Cir. 2016) (per curiam)). In such cases, "a debtor-out-of-possession will rarely have a sufficient interest to challenge a bankruptcy court order." *Mandel*, 641 F. App'x at 402. "Once a trustee is appointed, 'the trustee, not the debtor or the debtor's principal, has the capacity to represent the estate and to sue and be sued.'" *Dean*, 18 F.4th at 844 (quoting *Mandel*, 641 F. App'x at 402). This latter principle is based upon 11 U.S.C. § 323, which sets out the role and capacity of trustees in two subparagraphs:

(a) The trustee in a case under [Title 11] is the representative of the estate.

(b) The trustee in a case under [Title 11] has capacity to sue and be sued.

Because § 323 applies to all cases under Title 11, including those arising under both Chapter 7 (like *Dean* and *Mandel*) and Chapter 11, the cited principles from those cases apply equally to Chapter 11 cases.

Before Dr. Smith lodged the instant appeal in this case, the Bankruptcy Court had appointed a Trustee to handle this individual bankruptcy case, thus removing from Dr. Smith the rights and duties of the trustee. Consequently, at the time of the appeal in this case, Dr. Smith was not a debtor-in-possession with the rights and responsibilities of a bankruptcy trustee. He was instead a debtor-out-of-possession without those rights and responsibilities. Even if a debtor-in-possession may have standing without a pecuniary interest, as a trustee would (a matter not decided here), a debtor-out-of-possession must have a pecuniary interest affected by the matter appealed.

Additionally, when appealing as a trustee rather than as an individual, an appellant must secure the services of counsel. Pro se individuals can bring an action only on their own behalf; they cannot pursue an action on behalf of a trust in federal court. *Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 301 (E.D.N.Y. 2009) (citing cases). "[I]t is well established that artificial entities, including

trusts, 'may appear in the federal courts only through licensed counsel.'" *Naja v. U.S. Tr.*, No. 1:20-CV-02027, 2021 WL 858832, at \*3 (M.D. Pa. Mar. 8, 2021) (quoting *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993)). Because the trustee in a bankruptcy case is responsible for the bankruptcy estate, *Edwards Family P'shp, LP v. Johnson (In re Cmty. Home Fin. Servs. Corp.)*, 32 F.4th 472, 484 (5th Cir. 2022), trustees do not appeal or assert claims or arguments on their own behalf. Thus, even if Dr. Smith was a debtor-in-possession with the rights and responsibilities of a trustee, he would have no authority to represent the trust, i.e., bankruptcy estate, in a bankruptcy appeal unless he secured legal counsel. Even in an official capacity as a SCVDIP, he cannot appeal without legal counsel representing the interests of the bankruptcy estate.

Dr. Smith has not shown any adverse pecuniary effect resulting from the appealed order. He asserts standing on an individual level because the appeal affects his personal property, thus making him a "party aggrieved." ECF No. 10 at 4-5. But that simply does not suffice. He must show that he had a pecuniary interest affected by the appealed order. And he has not done that.

### III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this appeal for Appellant's lack of bankruptcy standing. Contemporaneously, with this Memorandum Opinion and Order, the Court will issue a final judgment dismissing the appeal.

**IT IS SO ORDERED this 5th day of August 2022.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**